IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KARI MANTILLA,

    Plaintiff,

v.                                                                                             No. 14-cv-1124 JCH/SMV

SANDOVAL COUNTY, TOM SKOPAYKO,
O. CAVALLERO, and STACEY GUSTAFSON,

    Defendants.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RELIEF

THIS MATTER is before the Court on Plaintiff's Motion for Relief from the Court's Order on Defendant Gustafson's Motion to Compel [Doc. 77], filed on October 10, 2015. Defendant Gustafson responded on October 16, 2015. [Doc. 79]. No other Defendant has responded. Plaintiff has not replied, but no reply is needed. Having considered the briefing, the record, and the relevant law, and being otherwise fully advised in the premises, the Court will grant the Motion in part.

When the Court granted Defendant Gustafson's Motion to Compel on September 24, 2015, it provided deadlines for Plaintiff to obtain and produce (to the Court for *in camera* review) certain medical records. [Doc. 75]. Thereafter, Plaintiff's attorneys requested permission to withdraw their representation, which the Court has since granted. [Docs. 76, 83]. Anticipating that Plaintiff would not have representation if their motion were granted, Plaintiff's attorneys requested "relief" from those deadlines on Plaintiff's behalf. [Doc. 77]. Defendant Gustafson opposed any extension of the deadlines, arguing that her defense of the case would be hindered in light of the discovery deadline on December 16, 2015. [Doc. 79] at 2.

On the one hand, Plaintiff may need further time to secure new representation. On the other hand, Defendant Gustafson is entitled to a ruling on the discoverability of the records some time prior to the close of discovery, at the latest.[1] Therefore, on balance, the Court finds it appropriate to allow a modest extension.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Plaintiff's Motion for Relief from the Court's Order on Defendant Gustafson's Motion to Compel [Doc. 77] is **GRANTED in part**. Plaintiff shall sign "Authorizations to Disclose Protected Health Information (Mental Health Records)"[2] for herself and the minor child A.M. and submit said Authorizations to Counselor Juanita Baca or her agent or representative from The Family Workshop with a request to produce the complete charts or files pertaining to any counseling involving Plaintiff and/or the minor child A.M. All of the records shall be provided to the Court no later than **November 25, 2015**, for an *in camera* inspection to determine whether any of the records are discoverable.

<u>**Plaintiff is admonished that she is required to follow the rules of the procedure and the orders of this Court. If she does not, sanctions may be imposed, up to and including dismissal of her case with prejudice**</u>. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

**IT IS SO ORDERED.**

_____
 **STEPHAN M. VIDMAR**
 **United States Magistrate Judge**

---

[1] If an extension of the discovery deadline becomes necessary in this case, a motion for extension of time should be filed.

[2] *See* D.N.M.LR-Civ. app. A, Local Form 2.