IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KARI MANTILLA,

    Plaintiff,

v.                                                                       No. 14-cv-1124 JCH/SMV

SANDOVAL COUNTY, TOM SKOPAYKO,
O. CAVALLERO, and STACEY GUSTAFSON,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court sua sponte. The Court recommends dismissing this action with prejudice for failure to follow the orders of this Court and for lack of prosecution. Since Plaintiff's attorneys withdrew on October 20, 2015, Plaintiff has taken no further action to prosecute her claims, she has failed to respond to Court orders, and she has failed to appear for a show-cause hearing. She has completely abandoned the case. It should be dismissed.

## BACKGROUND

Prior to the withdrawal of her attorneys, Plaintiff had resisted producing records of her joint counseling sessions with her minor son. Defendant Gustafson moved to compel her to produce the records. [Doc. 59]. The Court heard oral argument on the motion on September 16, 2015. [Doc. 73]. On September 24, 2015, the Court held that the records could be relevant to Plaintiff's claim for emotional distress and ordered her to produce them for *in camera* review no later than November 13, 2015, to determine whether they were, in fact, relevant and discoverable. [Doc. 75]. About a week after the Court issued its ruling, Plaintiff's attorneys

moved to withdraw based on a "serious break down [sic] of the attorney client relationship." [Doc. 76]. Although Plaintiff was served with a copy of the motion to withdraw, she did not object to it, and the Court allowed counsel to withdraw on October 20, 2015. [Doc. 83]. The Court also extended Plaintiff's deadline to produce the records for *in camera* review to November 25, 2015.[1] [Doc. 84]. The Court warned Plaintiff that failure to follow the rules of procedure and orders of the Court could result in sanctions up to and including dismissal of her case with prejudice. *Id.* at 2 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

The extended deadline, November 25, 2015, came and went. Plaintiff did not produce the records, nor did she request an extension of time to do so. Accordingly, on December 7, 2015, the Court ordered her to show cause in person on January 15, 2016, why her claim for emotional distress should not be dismissed for her failure to produce the joint counseling records for *in camera* review. [Doc. 88]. The Court again warned Plaintiff that failure to follow the rules of procedure and the orders of the Court could result in sanctions including dismissal of her case with prejudice. *Id.* (citing *Ehrenhaus*, 965 F.2d at 921). Despite the Court's admonishments about following its orders, Plaintiff failed to appear for the hearing on January 15, 2016. [Doc. 90]. She did not request an extension of time; she made no effort to communicate with the Court in any way.

## STANDARD

Fed. R. Civ. P. 37(b)(2)(A)(v) allows a court to dismiss an action "[i]f a party . . . fails to obey an order to provide or permit discovery . . . ." Similarly, Rule 41(b) authorizes dismissal

---

[1] The Court Clerk's staff noted that the orders granting withdrawal and extending the deadline to produce the records [Docs. 83, 84] were forwarded to Plaintiff at 6913 Conchord Hills Loop in Rio Rancho, New Mexico 87144. (This address was included as Plaintiff's address in the attorneys' motion to withdraw. [Doc. 76] at 2.) Similarly, the notices of electronic filing for all of the Court's orders since October 2015 have been forwarded to Plaintiff via U.S. mail at her Rio Rancho address.

2

"[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order."[2]  Dismissal is a "drastic sanction that should be employed only as a last resort," *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), and it is "appropriate only in cases of willful misconduct," *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).  In the spirit of liberally construing the submissions of a pro se litigant, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), courts should consider whether a sanction less than dismissal may be appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3.  Before dismissing a case under Rule 37 or Rule 41, therefore, a court should consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (citations, internal quotation marks, and ellipsis omitted) (considering dismissal under Rule 37); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2004) (applying the *Ehrenhaus* factors to dismissal under Rule 41(b)).  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

---

[2] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts . . . to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007).

3

## ANALYSIS

Plaintiff has taken no action to prosecute her claims since her attorneys withdrew three months ago.  Additionally, Plaintiff has repeatedly failed to follow this Court's orders to produce records and to appear.  At a minimum, Defendants will suffer significant prejudice if they are required to defend against her claim for emotional distress without resolution of their motion to compel the joint counseling records.  More to the point, though, the case simply cannot proceed without Plaintiff's involvement, which she has totally abandoned.  All indications show that Plaintiff alone is culpable for her lack of participation in the case and for her repeated failures to follow the Court's orders.  Indeed, she offers no explanation or excuse whatsoever.  Despite the Court's warnings that the case could be dismissed, she nevertheless fails to produce the joint counseling records or participate in the case in any way.  Although the Court prefers to resolve disputes on their merits, the aggravating factors in this case outweigh such preference.  Pursuant to Fed. R. Civ. P. 37 and 41, dismissal with prejudice is warranted.  *See Ehrenhaus*, 965 F.2d at 921.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that this action be **DISMISSED with prejudice**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.**  *See* **D.N.M.LR-Civ. 10.1.**  If no objections are filed, no appellate review will be allowed.

---

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge**