**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KARI MANTILLA,

    Plaintiff,

v.                                                         No. 14-cv-1124 JCH/SMV

SANDOVAL COUNTY, TOM SKOPAYKO,
O. CAVALLERO, and STACEY GUSTAFSON,

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 91] ("PF&RD"), issued on January 27, 2016. The Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended dismissing this action with prejudice for Plaintiff's failure to follow the orders of this Court and for lack of prosecution. *Id.* The Court agrees. The case will be dismissed with prejudice.

**BACKGROUND**

Plaintiff brought this civil rights action in state court on October 30, 2014, alleging that Defendants had improperly entered her residence, arrested her, utilized excessive force in the process, and maliciously prosecuted her for child abuse. [Doc. 1] at 5–15. Defendants Skopayko, Cavallero, and Sandoval County removed the case to this Court on December 12, 2014. [Doc. 1]. Plaintiff amended her Complaint on January 14, 2015, [Doc. 13], and discovery commenced, [Docs. 22, 28].

As is the case not infrequently, a discovery dispute arose. Plaintiff resisted producing records of her joint counseling sessions with her minor son. Defendant Gustafson moved to compel her to produce the records. [Doc. 59]. Judge Vidmar heard oral argument on the motion on September 16, 2015. [Doc. 73]. On September 24, 2015, he held that the records could be relevant to Plaintiff's claim for emotional distress and ordered her to produce them for *in camera* review no later than November 13, 2015, to determine whether they were, in fact, relevant and discoverable. [Doc. 75].

About a week after Judge Vidmar issued his ruling, Plaintiff's attorneys moved to withdraw based on a "serious break down [sic] of the attorney client relationship." [Doc. 76]. Although Plaintiff was served with a copy of the motion to withdraw, she did not object to it, and Judge Vidmar allowed counsel to withdraw on October 20, 2015. [Doc. 83]. He also extended Plaintiff's deadline to produce the records for *in camera* review to November 25, 2015.[1] [Doc. 84]. Judge Vidmar warned Plaintiff that failure to follow the rules of procedure and orders of the Court could result in sanctions up to and including dismissal of her case with prejudice. *Id.* at 2 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

The extended deadline, November 25, 2015, came and went. Plaintiff did not produce the records, nor did she request an extension of time to do so. Accordingly, on December 7, 2015, Judge Vidmar ordered her to show cause in person on January 15, 2016, why her claim for emotional distress should not be dismissed for her failure to produce the joint counseling records for *in camera* review. [Doc. 88]. He again warned Plaintiff that failure to follow the rules of

---

[1] The Court Clerk's staff noted that the orders granting withdrawal and extending the deadline to produce the records [Docs. 83, 84] were forwarded to Plaintiff at 6913 Conchord Hills Loop in Rio Rancho, New Mexico 87144. (This address was included as Plaintiff's address in the attorneys' motion to withdraw. [Doc. 76] at 2.) Similarly, the notices of electronic filing for all of the Court's orders since October 2015 have been forwarded to Plaintiff via U.S. mail at her Rio Rancho address.

2

procedure and the orders of the Court could result in sanctions including dismissal of her case with prejudice. *Id.* (citing *Ehrenhaus*, 965 F.2d at 921). Despite Judge Vidmar's admonishments about following the Court's orders, Plaintiff failed to appear for the hearing on January 15, 2016. [Doc. 90]. She did not request an extension of time; she made no effort to communicate with the Court in any way.

Judge Vidmar issued his PF&RD recommending dismissal with prejudice on January 27, 2016. [Doc. 91]. Specifically, he found that (1) Plaintiff had taken no action to prosecute her claims since her attorneys withdrew in October of 2015, (2) she had repeatedly failed to follow his orders to produce records and to appear, (3) Defendants would suffer significant prejudice if they were required to defend against Plaintiff's claim for emotional distress without resolution of their motion to compel the joint counseling records, (4) the case simply could not proceed without Plaintiff's involvement, which she had totally abandoned, (5) all indications showed that Plaintiff alone was culpable for her lack of participation in the case and for her repeated failures to follow the Court's orders, (6) and despite Judge Vidmar's warnings that the case could be dismissed, Plaintiff nevertheless failed to produce the joint counseling records or participate in the case in any way. [Doc. 91] at 4. Judge Vidmar indicated that although he prefers to resolve disputes on their merits, the aggravating factors in this case outweighed such preference. Pursuant to Fed. R. Civ. P. 37 and 41, he found that dismissal with prejudice was warranted. [Doc. 91] at 4 (citing *Ehrenhaus*, 965 F.2d at 921).

In response to the PF&RD, Plaintiff filed a letter on February 16, 2016, urging that her claims were meritorious and explaining that she was still looking for new counsel. [Doc. 93]. She offered no explanation whatsoever for her failure to participate in her case. *Id.* Instead, she

3

asked for an unspecified extension of time to find new counsel. *Id*. Judge Vidmar construed her letter as a motion for extension of time to object to the PF&RD. [Doc. 94]. He extended the deadline to object to March 18, 2016. His warning about the deadline was explicit:

> Plaintiff shall have an additional 30 days to object. Plaintiff is admonished that after 30 days—if she has not secured new counsel, begun to participate in this case pro se, or otherwise shown good cause why not—her case may be dismissed with prejudice without further warning. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[Doc. 94] at 2. The 30 days have passed. No new attorney has appeared for Plaintiff. Plaintiff has not re-engaged in the case. She has not turned over the records for *in camera* review. She has not asked for another extension of time to object. She has offered no objections to the PF&RD. She has not communicated with the Court in any way. The Court agrees with Judge Vidmar. It is time to dismiss the case with prejudice.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 91] are **ADOPTED**.

**IT IS FURTHER ORDERED** that—pursuant to Fed. R. Civ. P. 37 and 41, *Ehrenhaus*, 965 F.2d at 921—this action be **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

                                                                                             *[signature]*
**JUDITH C. HERRERA**
**United States District Judge**